UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-149-R

WARREN PAVING, INC., *et al*,                                                      Plaintiffs

v.

HEARTLAND MATERIALS, INC., *et al*,                                          Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two pending motions.  Plaintiffs Slats Lucas, LLC, and Warren Paving, Inc. have filed a Motion to Reconsider, (Docket No. 17), and a Motion for Hearing Regarding the Motion to Reconsider, (Docket No. 18).  Defendants Heartland Materials, Inc, Southern Aggregate Distributors, Inc., and William R. Frazer, LLC have responded, (Docket No. 19), and Plaintiffs have replied, (Docket No. 20).  This matter is now ripe for adjudication.  For the following reasons, the Court will **DENY** Plaintiffs' Motion to Reconsider and Motion for Hearing.

## BACKGROUND

The facts of this case are explained in greater detail in this Court's order granting the Defendants' Motion to Dismiss, (Docket No. 15).  Plaintiff Warren Paving, Inc. ("Warren Paving") began investigating opportunities to own and operate a limestone quarry in 2003.  Lawrence Warren, on behalf of Warren Paving, engaged a geologist, Walt Gaylord, to investigate the quality and quantity of limestone reserves at a quarry for sale in Illinois.  Subsequently, Gaylord, who was a principal in Heartland Materials, Inc. ("Heartland"), represented that he knew of potential locations in Kentucky.  Heartland then began assisting Warren Paving in this search, eventually identifying a tract of land for purchase in Livingston

1

County, Kentucky ("the Property"). Warren Paving told Heartland it would like to purchase an option to buy the Property. Warren Paving gave Heartland a $5,000 check to purchase the option, however Heartland purchased the option in its own name without informing Warren Paving. When the option was about to expire, Warren Paving gave Heartland another check for $5,000 to extend the option; Heartland did so, again in its own name.

Warren Paving decided to exercise its option to purchase the property, and Heartland presented it with a "Contract for the Assignment of an Option to Purchase Real Property with Retained Royalties" (the "Contract for Assignment") which showed that the option was in Heartland's name. The Contract for Assignment was dated September 1, 2004. Heartland transferred its option to Warren Paving in exchange for Warren Paving's agreement to make payments to Heartland for the production of limestone on the property. Warren Paving states that "[d]espite Heartland's actions, however, because Warren Paving believed a successful limestone quarry could be operated on the Property, even with Heartland's exorbitant demands, Warren Paving executed the Contract for Assignment so it could purchase the Property from Mr. and Mrs. Grabowski." (Docket No. 1).

On June 4, 2007, Warren Paving transferred the Property to Slats Lucas. On July 1, 2007, Warren Paving and Slats Lucas entered into a lease under which, among other things, Warren Paving agreed to make the payments on behalf of Slats Lucas. In July of 2009, Heartland assigned a 1/3 undivided interest in its right to the purported royalties to Gaylord. Subsequently, in July of 2009, Gaylord relinquished his interest in the purported royalty to Slats Lucas. In August of 2010, in consideration for the payment of one dollar, Heartland assigned half of its remaining 2/3 interest in its right to the royalties to WRF and half to Southern

Aggregate. Currently, WRF and Southern Aggregate each have a 1/3 interest in the right to the purported royalties.

Further, Warren Paving alleges that "[a]t all times relevant hereto, neither Heartland nor any of its officers were licensed real estate brokers registered with the Kentucky Real Estate Commission." *Id.* Warren Paving brought this lawsuit seeking a declaratory judgment that Heartland was prohibited from practicing real estate and thus that the Contract for Assignment is void and Defendants are not entitled to any payments. Further, Warren Paving brought claims of Mistake of Fact, Breach of Fiduciary Duties, Fraud and Intentional Misrepresentation, Restitution, and Assumpsit/Unjust Enrichment/Constructive Trust.

On January 21, 2015, this Court granted the Defendant's Motion to Dismiss, finding that Plaintiff's claims, which stemmed from events that occurred more than five years ago, were barred by the statute of limitations. (Docket No. 15). The Plaintiffs now bring this Motion for Reconsideration, arguing that the Court committed a clear error of law. (Docket No. 17).

The Plaintiffs have filed a Motion for Hearing. Because the Court finds that the facts and legal arguments are adequately presented in the parties' briefings and that the decision-making process would not be significantly aided by oral argument, this Motion will be denied. *See Ky. ex rel. Educ. & Workforce Dev. Cabinet Office for the Blind v. United States*, 2014 WL 7375566, at *1 n.1 (W.D. Ky. Dec. 29, 2014).

**STANDARD**

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

"A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered." *Foreman v. United States*, 2012 U.S. Dist. LEXIS 187012 *3 (W.D. Mich. 2012) (citing *Equal Emp't Opportunity Comm'n v. Argent Indus., Inc.*, 746 F. Supp. 705, 706 (S.D. Ohio 1989)). "Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before." *Id*. (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

**DISCUSSION**

Declaratory Judgment (Count I)

In its Motion for Reconsideration, Warren Paving again argues that pursuant to Kentucky law, a person cannot sell or negotiate the sale of real estate for compensation without a license. Warren Paving alleges that Heartland did not have a real estate license, and that Heartland was prohibited from practicing real estate. Thus, Warren Paving argues, the Contract for Assignment is void *ab initio* and the Defendants are not entitled to any payments under it. The Plaintiffs point to several cases from their original briefings, and specifically ask the court to reconsider the applicability of *Liter v. Ford*, 258 S.W. 110 (Ky. App. 1924).

The Defendants respond that the Plaintiffs' Motion raises no issues, and merely rehashes issues that were addressed and decided by this Court. They argue that neither statute regarding real estate licensing declares an agreement procured with the involvement of an unlicensed real estate broker to be void. Defendants review the inapplicability of the cases cited by the

4

Plaintiffs. Further, they again note that the real estate licensing statute was not applicable to Heartland because Heartland owned the option it sold to Warren Paving.

In its Opinion, the Court examined the requirements for real estate broker's licenses in the state of Kentucky and discussed Plaintiff's case law. It then determined that the five year statute of limitations found in KRS § 413.120(2) should apply. The statutes governing the real estate licensing in the state of Kentucky do not declare this action void. Rather, the statute states that the Kentucky Real Estate Commission may seek injunctive relief against an individual who has violated the statute. KRS § 324.020(6). Further, in making its determination, the Court examined the cases cited by the Plaintiffs in support of their argument that the contract was void *ab initio*, and found that they were not applicable to the instant set of facts. The Court already discussed *Liter*, but it notes again that in that case, conveying title to a purchaser specifically required a sheriff's sale. *Liter*, 258 S.W. at 110.

The Court does not find that it committed a clear error of law in so ruling, and will deny the Motion for this claim. Because the Plaintiffs waited more than five years to bring this claim, it is barred by the statute of limitations.

## Mistake of Fact (Count II)

Plaintiffs next argue that Court II of the Complaint is not barred by the statute of limitations, because plaintiffs had no duty to inquire into the status of Heartland's licensure. They point to *State Farm*, where, in a case involving the licensing of a chiropractor, the court found that the plaintiff was not under a duty to inquire into "truthfulness of the implicit representation of professional status made in claims submitted for payment regardless of the ease of such an inquiry." 683 F. Supp. 2d 502. The Defendants reply that the Plaintiff's interpretation

of *State Farm* is contradictory to a large body of Kentucky case law, and that the case is distinguishable on its facts and should be limited.

The Court agrees with Defendants. In its opinion, the Court reviewed the statute of limitations for claims based upon "mistake" under KRS § 413.120(12). KRS § 413.130(3) applies the discovery rule to mistake actions and states that such actions "shall not be deemed to have accrued until the discovery of the mistake." KRS § 413.130(3). *Gragg v. Levi*, 208 S.W. 813-814 (Ky. 1919) states the principle of Kentucky law that to invoke the discovery rule, the plaintiff must allege "that the mistake was not only discovered (after the expiration of the five-year statute of limitations), but that the mistake could not have been sooner discovered by the exercise of reasonable diligence on his part." 208 S.W. at 813-814. The Plaintiffs have not done so.

<u>Breach of Fiduciary Duties (Count III) & Fraud and Misrepresentation (Count IV)</u>

The Plaintiffs argue that these claims should not have been dismissed, as the breaches, and hence damages, continued. They argue that each time Heartland accepted a new payment, they breached their duty to Warren Paving and that each should be deemed a new and independent breach of its fiduciary duties. The Defendants argue in response that Plaintiffs have still cited no case law applying a continuing tort or continuing trespass concept to a breach of fiduciary duty claim. The Court agrees. These claims remain barred by statute of limitations.

<u>Claims seeking Restitution and Assumpsit, Unjust Enrichment, and Constructive Trust</u>

The Plaintiffs note that the Court's Opinion did not specifically address Plaintiffs' claims for Restitution, Assumpsit, Unjust Enrichment, and Constructive Trust. The Plaintiffs argue that they seek equitable relief because Defendants were not legally entitled to receive payments. The Defendants note that these claims are remedies, rather than true causes of action. The Defendants

state that the Court did not need to specifically address them because the underlying bases for the equitable claims are the same as for Counts I through IV. The Court agrees. Because the claims underlying these requests for equitable relief are barred by the statute of limitations, these claims are also barred.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration, (Docket No. 17), and Motion for Hearing, (Docket No. 18), are **DENIED**.